Allan D. NewDelman (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceeding Under Chapter 11 |
| Ryan Timothy Rippy<br>Brande Lynn Rippy | Case No. 09-02023 RTB |
| Debtors | ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §364(a) |

This matter came before the Court on June 22, 2009, pursuant to the Debtors' Motion to Sell Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §§363(b) and 364(f)(4) (the "Sale Motion"). Through the Sale Motion, and pursuant to Bankruptcy Code §363, Debtor requests that the Court authorize and approve a sale free and clear of liens and encumbrances of the real property located at 202 South Arroyo Drive, Payson, AZ 85440.

Based on the Sale Motion and the representations made in open Court, the Court Finds and Concludes as follows:

A. On February 6, 2009, the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code, thereby commencing the above captioned Chapter 11 case.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334, 11

U.S.C. §§105(a), 363(b), (f), (m), and (n) and §541. The Sale Motion presents a "core" proceeding pursuant to 28 U.S.C. 1157(b)(2)(A), (M) (N), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

C. The Property, as listed above, is property of this bankruptcy estate within the meaning of 11 U.S.C. §541(a).

D. Notice of the Debtors' Sale Motion was duly provided to all interested parties. A Certificate of Service dated June 10, 2009, evidencing proper service was filed on June 10, 2009. Notice and opportunity for hearing are adequate and appropriate under the circumstances, and in compliance with applicable Bankruptcy Rules and provisions of the Bankruptcy Code, including, without limitation, Rules 2002 and 6004.

E. Glena and David Black, or Assignee, through the Sale Motion, offered to purchase the 202 South Arroyo Drive, Payson, AZ 85541 for the sum of Three Hundred Forty Thousand Dollars and no/100 ($340,000.00) plus all real estate taxes and closing costs, with a close of escrow within 60 days from the date this Order is entered.

F. The Court has considered the Sale Motion and the file in this case, and has determined that the immediate approval of the sale of the above Property free and clear of liens, claims, interests and encumbrances is in the best interest of the estate.

G. The Court has considered the offer presented, and inquired in open Court whether any party in interest wishes to make a higher offer or better offer. No such offer was made

H. The sale is supported by sound business justification under the circumstances, and the transaction between Debtor and Glena and David Black approved in this Order was made in good faith and is an arm's length transaction, valuable consideration has been or will be provided to the

2

estate for the assets of the estate transferred herein, and the consideration received by the estate is fair under the circumstances.

I. The Court finds that Glena and David Black , pursuant to 11 U.S.C. §363(m) and (n) are a "bonafide and good faith purchasers."

J. This sale is subject to the approval of the consensual lien holder, National City Mortgage and the recording of a Deed of Release and Reconveyance. This sale is to be free and clear of all liens and encumbrances of record with the liens to attach to the proceeds of sale to the extent that there are funds available.

K. Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings, and a conclusion of law if and to the extent that it makes legal conclusions.

NOW THEREFORE, based upon the foregoing findings and conclusions, and upon the entire record before the Court, and good and sufficient cause appearing therefor

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Sale Motion is hereby approved and granted, subject to the terms and conditions of this Order:

2. The Property located at 202 South Arroyo Drive, Payson, AZ 85541 shall be sold to Glena and David Black for the purchase price as set forth in the Findings above and subject only to the conditions set forth in this Order and without further order of the Court , the Property, shall be and is sold, transferred and conveyed to Glena and David Black, pursuant to 11 U.S.C. §363(b) and (f), free and clear of any and all liens, encumbrances and interests, including all liens, claims, interests, encumbrances of any kind, whether liquidated or contingent, including without limitation, all

personal and other property taxes, sales and transaction privilege taxes, claims by successor liability for any alleged unpaid sales or other taxes, and any other liens or assessments of any governmental agency or entity. The lien of consensual lienholders shall attach to the proceeds of sale and shall be paid upon the close of escrow.

3. This sale is subject to the approval of the consensual lien holder, National City Mortgage and the recording of a Deed of Release and Reconveyance. This sale is to be free and clear of all liens and encumbrances of record with the liens to attach to the proceeds of sale to the extent that there are funds available.

4. The provisions of this Order authorizing the sale of the Property to Glena and David Black free and clear of liens, encumbrances and claims shall be self-executing, and it shall not be necessary to obtain and/or file additional releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and/or implement the provisions of this Order; provided, however, that this paragraph shall not excuse the Debtors or any other party from performing any and all of its respective obligations under this Order.

5. The terms and provisions of the Sale Motion and this Order are binding upon the Debtors, their estate and creditors, including persons asserting claims against or interests in any of the property sold pursuant to this Order, their respective successors and assigns, and any trustee subsequently appointed for the Debtors in this case or in a Chapter 7 case to which this case may be converted. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order, which may be entered confirming any plan of reorganization in this case.

6. The Debtors are authorized to take all actions, execute all documents and incur all reasonable costs and expenses that may be required to implement this Order and to consummate the

4

sale provided for in this Order.

7. Glena and David Black are a good faith purchaser for fair consideration entitled to the protection of 11 U.S.C. §363(m), and 11 U.S.C. §363(n) is inapplicable.

8. The Court shall retain jurisdiction to implement and enforce all aspects of this Order, and to adjudicate any disputes, claims, or actions, which may arise in connection with the transactions contemplated herein;

9. Notwithstanding anything to the contrary (including but not limited to Rule 6004 (g), Rules of Bankruptcy Procedure), to the Bankruptcy Code or the Bankruptcy Rules, this Order is effective immediately upon its entry on the docket of this case.

10. This Order is a final order for purposes of Rule 8001, F.R. Bankr. P., and the time to file a notice of appeal from this Order shall commence from the date of its entry.

SIGNED AND DATED ABOVE.